By the Court.
In this proceeding challenge is made of the authority of the defendants, Benjamin F. E. Strawsburg, Henry L. Schaefer and J. Forest Kitchen, to act in the capacity of members of the board of education of the city of Springfield, it being averred that the defendants have no legal right to hold such office or exercise any of the func *577 tions thereof, and the prayer is that they be ousted therefrom.
When the law known as the Jung Small School Board law became effective, which was on August 2, 1913, the board of education of Springfield consisted of seven members, the terms of four of whom were to expire in January, 1914, and the terms of the other three in January, 1916. The portions of that law pertinent'to the consideration of this case are now Sections 4698 to 4702, General Code. The Springfield city school district comes within the class, which, under the provisions of Section 4698, Geperal Code, is required to have a board of education consisting of not less than three nor more than five members.
By a resolution passed July 14, 1913, said board of education attempted to meet the requirements and comply with the provisions of that act. . It was therein determined that the number of members of said board should be five, who should be elected at large; that the three members whose terms did not expire until January, 1916, should hold their positions until that date; that at the general election in November, 1913, there should be elected two members to serve the full term of four years; and that at the election in November, 1915, two members, should be elected for the full term of four years and one for the fractional term of two years. Two members were elected for the full term of four years at the election of November, 1913.
In the election of November, 1915, the defendants and five others were candidates for the office of members of the board of education of such dis *578 trict. The ballots on which their names appeared were headed:
“For Members of Board of Education”
“Vote for not more than three.”
No designation of or reference to the term, or length thereof, of any candidate was made on any ballot, nor had there been any such designation upon the ballots in the primary election whereat said candidates were nominated. The defendants Schaefer, Strawsburg and Kitchen, in the order stated, received the highest number of votes at said election. They were declared elected as members of said board of education, certificates of election for a term of four years each were issued, and in pursuance of that authority they assumed to qualify and enter upon, and ever since have discharged, the duties of such position—more than 15 months —the validity of their election not having been challenged until the bringing of this suit in quo warranto, April 14, 1917.
It is now contended that because of such want of designation of terms, whether for four years or two years, on the ballot or elsewhere, it is impossible to ascertain which of said candidates were elected for the four-year term and which one for the two-year term, and that, therefore, there was no valid election for either term and the certificates of election issued were unauthorized.
An examination of the sections of the General Code above cited discloses that as applied to the city of Springfield their several provisions were not in accord., and, therefore, could not be fully observed. Under their provisions no existing term *579 should be disturbed. If necessary to accomplish the reduction in numbers required by law, two-year terms could be provided by resolution; but an election to such two-year term was limited to the year 1913. It was expressly provided in above sections that all elections thereafter should be for four-year terms; thenceforward one-half of the remainder, after diminishing the total number of members of the board by one, should be elected in the year preceding the calendar year divisible by four, and the remaining number the year following such calendar year. Under that provision, directory in its nature, two members would be elected in 1915, three in 1917, and so on. There was no provision whatever for a two-year-term member to be elected in 1915, and if only two members should be elected the board would consist of but four instead of five members, as had been determined by the board under authority conferred by law.
These provisions are inconsistent; they cannot all be enforced; therefore the rational solution of the situation seems to lie in such construction and application of the law as to make it feasible and practicable and capable of accomplishing the obvious design and purpose of its enactment, which was to create small boards of education, the terms of the members of which should be four years, and, presumably, to bring about that condition and situation at the earliest possible time. The mere order in which members are elected seems quite immaterial, and that provision might well have been regarded by the board as only directory. In the theory that all three of the defendants were in fact *580 elected for four-year terms that is the only provision disregarded; and, ás we have seen, it is a provision in direct conflict with other and more important and essential provisions of the law.
Although the resolution provided for the election of a short-term member in 1915 such was not authorized by law, and thereafter all matters concerning the election, including notice, proclamation, form of ballots and certificate of election, proceeded in a manner consistent only with the theory that three members for the full term of four years were being elected. For the reasons we have indicated, the tenure of those members should not now be disturbed.

Writ refused.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Donahue, JJ., concur.
Johnson, J., not participating.